UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SONJA H.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:24-CV-5024-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in finding that Plaintiff was not disabled. For the reasons set forth below, the Court affirms the decision of the Commissioner of Social Security ("Commissioner") to deny benefits.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

I. **Factual and Procedural History**

Plaintiff protectively filed claims for child's insurance disability benefits[2] and SSI on June 9, 2020, alleging disability beginning on March 15, 2017. Dkt. 5, Administrative Record ("AR") 104, 119, 334–47. Her applications were denied at the initial level and on reconsideration. AR 102–03, 134–35. She requested a hearing before an ALJ, which was scheduled for February 15, 2022. AR 192–93, 250. Plaintiff could not be reached for the telephonic hearing, but Plaintiff's counsel appeared and the ALJ heard testimony from a vocational expert ("VE"). AR 36–49. A supplemental hearing took place on November 22, 2022, at which Plaintiff appeared telephonically. AR 50–75. Through counsel, Plaintiff amended her alleged onset date to the protective filing date, June 9, 2020, thereby waiving the request for review of the child disability claim. AR 43–44, 56–59. The ALJ issued an unfavorable decision denying benefits, and the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6, 14–35. Plaintiff appealed to this Court. *See* Dkt. 1.

II. **Standard of Review**

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability

---

[2] Plaintiff was born in 1997. AR 119.

determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III. Discussion

Plaintiff contends the ALJ's finding at step three of the sequential evaluation was not supported by substantial evidence and that the record requires further development at step five. Dkt. 7 at 3, 11.

#### A. *Step Three*

First, Plaintiff argues the ALJ failed to fully develop the record at step three and subsequently erred in concluding Plaintiff's impairments did not meet or equal Listing 12.05. Dkt. 7 at 1, 3.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 3

The burden of proof is on the claimant to establish she meets or equals any of the impairments in the Listings. *See Tackett*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526). A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. The impairment must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." *Id.*; *see also* Social Security Ruling ("SSR")[3] 96-8p, 1996 WL 374184 at *2 (July 2, 1996) (a step three determination must be made on basis of medical factors alone). An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248 at *2 (Jan. 1, 1983). The ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart,* 400 F.3d 676, 683 (9th Cir. 2005).

Here, at step three of the sequential evaluation, the ALJ found "[t]he severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.05, 12.11, and 12.15." AR 21. Plaintiff challenges only the ALJ's consideration of Listing 12.05, intellectual disorder. Dkt. 7 at 1.

Under the regulations, intellectual disorder "is characterized by significantly subaverage general intellectual functioning, significant deficits in current adaptive functioning, and manifestation of the disorder before age 22. Signs may include, but are not limited to, poor

---

[3] "Social Security Rulings do not carry the force of law, but they are binding on ALJs nonetheless." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017) (quoting *Molina*, 674 F.3d at 1113 n.5) (cleaned up).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 4

conceptual, social, or practical skills evident in your adaptive functioning." 20 C.F.R. Pt. 404, Subpt. P, App 1., § 12.00(B)(4). An individual may meet Listing 12.05 by satisfying either the "Part A" or the "Part B" criteria. *Id.* § 12.05. The Part B requirements, relevant here, are:

1. Significantly subaverage general intellectual functioning evidenced by a or b:
    a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
    b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
    a. Understand, remember, or apply information (see 12.00E1); or
    b. Interact with others (see 12.00E2); or
    c. Concentrate, persist, or maintain pace (see 12.00E3); or
    d. Adapt or manage oneself (see 12.00E4); and
3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

*Id.* § 12.05(B). An individual must meet all three subsections to meet this Listing. *See id.* (Part B is "[s]atisfied by 1, 2, *and* 3") (emphasis added).

The ALJ found the requirements of Listing 12.05 were not met because Plaintiff "had a full-scale IQ score of 77 and the evidence does not establish an extreme or marked limitation in any area of mental functioning[.]" AR 23 (internal citation omitted). In support of these findings, the ALJ cited to a psychological evaluation of Plaintiff conducted by Kimberly Wheeler, Ph.D., on July 14, 2017, at the request of the Washington State Department of Social and Health Services. AR 23, 413. As part of the evaluation, Dr. Wheeler performed a clinical interview of Plaintiff and administered an IQ test. AR 413–20. Plaintiff's full-scale IQ score was 77, her verbal score was 79, and her performance score was 79. AR 418. Dr. Wheeler categorized each of these scores as "borderline." *Id.*

  At the first hearing, Plaintiff's counsel requested that the ALJ consider ordering updated IQ testing before the supplemental hearing, noting that two consultative examiners, Dr. Peter Weiss and Dr. Gary Sacks, had recommended cognitive testing. AR 44–45. Dr. Weiss evaluated Plaintiff via telephone on May 25, 2021. AR 779, 781. He diagnosed Plaintiff with recurrent, moderate major depressive disorder and recommended that she "have an intellectual assessment including the WAIS-IV[4] to rule out a diagnosis of Intellectual Disability." AR 780–81. Dr. Sacks performed a psychodiagnostics examination of Plaintiff via video call on June 30, 2021. AR 784–85. He concluded Plaintiff's "intellect appears to lie below the average range, although it is likely her intellect lies above the intellectually disabled range," noting "[i]t would be necessary for her to undergo IQ testing to more fully understand her intellectual capability." AR 788.

  In his written decision, the ALJ denied the request for an additional consultative evaluation, finding the record contained sufficient information to adjudicate the claim:

> A recent psychological consultative examiner found the claimant's intellect "appears to lie below the average range, although it is likely her intellect lies above the intellectually disabled range" (Ex. B8F/5). Although the consultative examiner suggested that IQ testing would be necessary to "fully understand her intellectual capability", I do not find such testing necessary, because the range (i.e. above intellectually disabled but below average) is consistent with other objective evidence and sufficiently specific that the residual functional capacity found in this decision accounts for the claimant's range of intellectual functioning. Furthermore, although a later psychologist recommended an intellectual assessment to "rule out a diagnosis of Intellectual Disability" (Ex. B7F/4), I do not find the recommendation persuasive because other evaluators who did not find such an evaluation necessary had more information and evaluated the claimant in person, whereas this doctor performed an evaluation by videoconferencing and had not a single page of the record to inform his opinions.

AR 18.

---

[4] Wechsler Adult Intelligence Scale

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 6

Plaintiff argues the ALJ's denial of her request for additional cognitive testing constituted a failure to fully develop the record. Dkt. 7 at 7–8. "[T]he ALJ should not be 'a mere umpire' during disability proceedings[; r]ather, the ALJ has 'a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). This remains true even when the claimant is represented by counsel. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).

Here, the ALJ explicitly found the record was sufficient to allow for proper evaluation of the evidence. Plaintiff contends the evidence in the record was ambiguous and argues the ALJ "improperly substituted his interpretation of the evidence for the opinions of two experts, who believed testing was required." Dkt. 7 at 8. It is true that Drs. Weiss and Sacks both indicated IQ testing would be needed to clarify Plaintiff's intellectual capabilities. But, although Plaintiff characterizes these opinions as recommendations for "updated" testing, there is no indication that these doctors were aware that such testing had been performed in the past and was already part of the record. Nor has Plaintiff demonstrated that the IQ test administered by Dr. Wheeler was in any way unreliable. Plaintiff has not shown the ALJ erred in denying her request for additional cognitive testing. Substantial evidence supports the ALJ's finding that Plaintiff did not meet the requirements of Listing 12.05.[5]

---

[5] Plaintiff also challenges the ALJ's evaluation of the areas of adaptive functioning enumerated in Listing 12.05(B)(2). Dkt. 7 at 8. Because the ALJ found Plaintiff's IQ score did not meet the requirements of the Listing,

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 7

B. *Step Five*

Plaintiff also argues the ALJ erred at step five of the sequential evaluation. Dkt. 7 at 11–13. At step five, the burden shifts to the Commissioner to show that, given Plaintiff's age, education, and vocational background, Plaintiff can perform substantial gainful work in the national economy. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The Commissioner can meet the step five burden by relying on the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001).

At the hearing, the VE testified a hypothetical individual with Plaintiff's age, education and vocational background, and residual functional capacity ("RFC") could perform the occupations of laundry worker, cleaner II, and production helper. AR 46–47. Based on the testimony of the VE, the ALJ concluded that Plaintiff could perform work existing in significant numbers in the national economy. AR 29–30.

Plaintiff argues the occupations identified by the VE "appear to require greater reasoning, reading, and math skills than Plaintiff possesses," but she does not challenge the ALJ's formulation of the RFC. *See* Dkt. 7 at 11–13. In formulating Plaintiff's RFC, the ALJ considered the medical opinion evidence to which Plaintiff cites and determined Plaintiff had the RFC to perform "low-pressure work, meaning simple tasks, simple instructions and simple procedures, no conveyor belt-paced production requirements; with standard work breaks provided; no independent goal-setting; frequent interaction with the co-workers [sic] and supervisors; occasional, superficial interaction with the general public; and occasional, routine workplace changes." AR 24, 26–28. The hypothetical presented to the VE included these limitations, and

---

any error in any other element of Listing 12.05(B) would necessarily be harmless. *See Ford v. Saul*, 950 F.3d 1141, 1157 (9th Cir. 2020) ("[A] claimant's impairment does not match a listing unless it meets '*all* of the specified medical criteria[.]'" (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990))). Accordingly, the Court declines to consider this argument.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 8

the VE responded based on the Dictionary of Occupational Titles and his own professional experience and training. AR 46–48. Plaintiff has not shown that the ALJ erred in accepting this testimony. *See Bayliss*, 427 F.3d at 1217 (The "ALJ's reliance on testimony the vocational expert gave in response to the hypothetical . . . was proper" where the "hypothetical that the ALJ posed to the [vocational expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record[.]")

## IV.     Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ did not err in determining that Plaintiff is not disabled, and therefore affirms the ALJ's decision to deny benefits.

Dated this 26th day of August, 2024.

David W. Christel
United States Magistrate Judge